**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

MONTE V. LAW,

        Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

        Defendant - Appellee.

No. 14-16496

D.C. No. 2:13-cv-01480-SRB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted July 20, 2016[*]
San Francisco, California

Before: GRABER and TALLMAN, Circuit Judges and RAKOFF,[**] Senior District
Judge.

    Monte V. Law appeals the district court's decision affirming the denial of

his application for Social Security benefits.  We have jurisdiction under 28 U.S.C.

§ 1291, and we vacate the ALJ's decision and remand for further proceedings.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Jed S. Rakoff, Senior United States District Judge for
the Southern District of New York, sitting by designation.

We review the district court's decision de novo, and we review the ALJ's decision to ensure it is supported by substantial evidence and free of legal error. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

**1.** The ALJ did not give clear and convincing reasons for making an adverse credibility determination against Law. *See Garrison v. Colvin*, 759 F.3d 995, 1015-16 (9th Cir. 2014). The ALJ essentially found that Law's alleged limitations were inconsistent with (1) his daily activities, (2) his performance during two physical exams, and (3) the objective medical evidence in the record generally.

First, in assessing daily activities, the ALJ erred in equating Law's ability to sit at home, with his legs elevated in a recliner, to his ability to sit for the same amount of time in a work environment. *See id.; see also Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[M]any home activities are not easily transferable to . . . the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."). Second, the ALJ failed to explain how Law's ability to perform relatively well in two half-hour physical exams undermined his testimony about being unable to perform postural movements for extended periods of time.

Third, the objective medical evidence does not contradict Law's testimony about the severity of his symptoms, as the ALJ claims. *See Burrell v. Colvin*, 775

F.3d 1133, 1138-39 (9th Cir. 2014). Rather, the medical evidence in the record supported Law's symptom testimony: Law weighs over 500 pounds, a nerve conduction study of his lower extremities revealed he has bilateral peripheral neuropathy, a straight leg test was positive for the right leg (indicating lower back problems), an x-ray revealed degenerative disc disease, an echocadiogram and Holter monitor showed heart abnormalities, and multiple medical providers documented Law's lower extremity edema, as well as his shortness of breath and heart palpitation upon exertion.

**2.** The ALJ also improperly discounted the opinion of Law's treating physician, Dr. Kevin Brown. Where there is a conflict in medical opinions, the ALJ may discount a treating source's opinion only if she gives specific, legitimate reasons for doing so that are based on substantial evidence. *Garrison*, 759 F.3d at 1012. We conclude that substantial evidence does not support the ALJ's reasons for discounting Dr. Brown's opinion. Although Dr. Brown's right-hand limitations may not be supported by the record, the remainder of his opinion is consistent with Law's minimal daily activities and the extensive objective medical evidence in the record as recited above. *See Orn v. Astrue*, 495 F.3d 625, 631-35 (9th Cir. 2007).

**3.** The ALJ erred in discounting Mrs. Law's testimony as well. The ALJ must give germane reasons for rejecting lay witness testimony. *Valentine v.*

3

*Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).  Here, the ALJ rejected Mrs. Law's testimony for essentially the same reasons she rejected Mr. Law's testimony; however, as discussed above, the testimony provided by both Mr. and Mrs. Law was consistent with Dr. Brown's opinion and the objective medical evidence.

**4.**  The ALJ did not adequately consider Law's obesity.  Although obesity itself is not a listed impairment, the ALJ was required to consider Law's obesity in combination with his other impairments throughout the five step evaluative process.  *See* S.S.R. 02-1P, 2000 WL 628049, at \*4 (Sept. 12, 2002).  The ALJ failed to recognize the possibility that Law's extreme obesity, in combination with his other impairments, might be sufficient to fully explain his reported symptoms. *See id.* at \*5-6.

**5.**  The hypothetical posed by the ALJ to the testifying vocational expert was incomplete.  *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006). The ALJ is required to include limitations supported by substantial evidence in her hypothetical.  *See id.*  Here, the ALJ omitted multiple limitations supported by substantial evidence, including Law's shortness of breath and heart palpitations upon exertion, and possibly Law's need to elevate his legs while sitting to alleviate his pain, *see Brown-Hunter v. Colvin*, 806 F.3d 487, 496 (9th Cir. 2015).

**6.** Although the ALJ's findings are not supported by substantial evidence, it is not clear from the record that Law is entitled to benefits. *See Garrison*, 759 F.3d at 1019. Because "further administrative proceedings would be useful," we decline to remand for an award of benefits and instead remand for further proceedings consistent with this disposition. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014).

**VACATED AND REMANDED**.

The parties shall bear their own costs on appeal.